## ACCIDENTS IN CROSSING ELECTRIC RAILWAYS ON HIGHWAYS.

[Franklin County Court of Common Pleas.]

ELMER DAY v. THE COLUMBUS RAILWAY COMPANY.

Decided, May 5, 1903.

*Negligence—At Crossings of Electric Railways Occupying Highways— Right of Recovery Where There is Negligence on Both Sides.*

1. Where an electric railway occupies a public highway, continuous watchfulness on the part of the motorman is necessary to avoid accidents, not only at crossings, but all along the line; and in the event of a collision and the injury of a traveller along the highway, the question of his right to recover will depend upon whose negligence, as disclosed by the evidence, caused the injury.

2. A demurrer to the petition in a suit for damages on account of an injury in crossing an electric railway on the highway, will not lie, where the allegations of the petition make it evident that the question of proximate cause can be determined only from the evidence.

EVANS, J.

This cause is argued and submitted on a demurrer to the petition.

The petition, after certain preliminary averments, recites, in substance, that on and prior to October 31, 1902, the defendant owned and operated, and so continues to do, a line of electric street railway cars between the city of Columbus and the village of Westerville, in Franklin county. That about three miles of defendant's said road extends between Westerville and Blendon cross-roads, and is located entirely on the east side of the public highway known as the State road; that on said day, between the hours of 11 a. m. and 12 m., plaintiff was driving a team of horses attached to an empty farm wagon along said road in a southerly direction, and upon arriving at his place of residence, located on the east side of said road and defendant's track and about one hundred yards south of the intersection of the Central College road and the State road, he attempted to cross the defendant's track for the purpose of entering his, the plaintiff's premises, and that while so crossing said defendant's track as aforesaid, defendant carelessly and neg-

ligently caused one of its south bound cars thereon to collide with said wagon and team of horses, whereby plaintiff and said wagon were violently carried for a distance of about forty feet, etc.   The petition then recites the injuries to plaintiff, which are not necessary to set forth for the purposes of this demurrer.   The petition then recites that the crossing of defendant's tract, at the entrance of plaintiff's said residence, is situated at the foot of a long and steep grade, and that the top of said grade is more than a quarter of a mile north of said entrance, and that defendant's said south-bound car was descending said grade at a high and dangerous rate of speed, and that said defendant neglected to sound any alarm, or give said plaintiff any warning whatever while descending said grade, either at the intersection of the Central College road and the State road, or at or before reaching said crossing at plaintiff's entrance, and that defendant did not attempt to stop or lessen the speed of said car until after it had collided as aforesaid.

Plaintiff further says that the regular cars of defendant running on said line are large double truck cars provided with air brakes, and a loud whistle and gong for sounding an alarm, but that said south-bound car which collided with plaintiff was a small single truck car, equipped with no apparatus for sounding an alarm, except a small gong, and provided with no brake, except a hand brake.   He further says that the wagon in which he was riding and with which said car collided, was in a safe condition, and that the team of horses were gentle, and that plaintiff is a careful and experienced driver.   He prays damages, etc.

The defendant, in argument in support of the demurrer, contends that inasmuch as the petition shows that the accident to plaintiff and the injuries of which he complains occurred in the country, at about the hour of noon; that he drove his team of horses attached to the wagon in front of the moving car; that there is no averment in the petition that plaintiff was free from fault or negligence which directly contributed to his injuries; no averment that there was any obstruction between him and the moving car which prevented him from seeing the car; that thereby such a state of facts raises the presumption of contributory negligence so strong as that it will preclude plaintiff from recovering anything from the defendant.   Defendant contends that the ordinary

rules applicable to steam railroads should apply, and claims that the inference of contributory negligence is so strong from the facts stated in the petition that a demurrer will lie in the absence of an averment that the plaintiff was free from fault on his part.

So far as the general rule is concerned there is no question but that ordinary prudence is required of a person in the full enjoyment of his faculties of seeing and hearing, before attempting to pass over a known railroad crossing, and that he should use such senses for the purpose of discovering and avoiding danger from an approaching train, and the omission so to do, without a reasonable excuse therefor, is negligence, and will defeat an action by such person for an injury to which such negligence contributed. Such failure on his part is held in this state to be not merely evidence of negligence to be considered by the jury, but that it is itself such negligence as will prevent a recovery. (*Pa. R. R. Co.* v. *Rathger,* 32 O. S., 66). And this is held to be the rule notwithstanding the neglect to ring the bell or sound the whistle by the trainmen at the public crossing. (*C., C., C. & I. R. R. Co.* v. *Elliott,* 28 O. S., 340).

In *Railroad Co.* v. *Morel,* 40 O. S., 338, the court extended the rule and held that "the fact that the view was obstructed did not excuse the neglect of plaintiff to stop and listen; it made his neglect to do so greater."

There is no question as to the above being the well established rule in this state when such facts are developed on the trial, and, as a general rule, such is applicable both to steam and street railroad crossings. However, it is a fact to be considered that steam railroads running exclusively on their own right of way seldom encounter dangers of the character in question, except at grade crossings, while electric railroads using the public highways are continually encountering and passing horses, vehicles and travelers. It is true that such dangers are greater on thickly populated streets of a city than on country roads.

Spear, J., in *Street R. R. Co.* v. *Snell,* 54 O. S., 207, says:

"We think there is no just analogy between the right of a street railway running cars along a highway and the right of a steam railroad running its trains across a highway at grade, and that the rule of care incumbent upon one about to cross a steam rail-

road is hardly a fair one to be applied in all its strictness to street railways in cities where a car that can be speedily stopped, passes crossings at frequent intervals, and where people necessarily cross streets frequently and hurriedly."

While it is true that this rule ordinarily could not apply outside of crowded city thoroughfares, and along a country highway in all the strictness above indicated, and evidently was not so intended, yet the fact that an electric railway occupies a highway traveled by the public would necessarily demand continuous watchfulness and care on the part of the motorman to avoid accidents, not only at crossings, but all along the line. But even then, in the event of a collision and injury on the part of a traveler, the question of his right to recover will depend upon whose negligence the evidence discloses caused the injury, even where both parties were guilty of negligence.

The question here is: Must the fact of the proximate cause of the injury be disclosed by the evidence on the trial, or are the omissions and allegations of the petition sufficient to justify the court in sustaining the demurrer? It is a general rule of law in this state that contributory negligence is a matter of defense. And it is only where the evidence of the plaintiff raises a presumption of his negligence contributory to the injury that the burden is upon him to remove the presumption before he can recover.

The plaintiff in this case was not attempting to cross the track of defendant's company on a public crossing, but it was on a private way in front of his own premises and place of residence. The track was on the side of the road contiguous to plaintiff's premises. He was driving south along this road, and attempted to turn in to his place across the track when he was struck by the car which came behind him from the north going south. He says that this crossing at his place of residence is situated at the foot of a long steep grade, and that the top of the grade is more than a quarter of a mile north of said entrance; that said car was descending said grade at a high and dangerous rate of speed; that defendant neglected to sound any alarm, or to give any warning whatever while descending said grade, at or before reaching said crossing, and did not attempt to stop or lessen the speed of said car until after it had collided with his vehicle. He says that the

regular cars of defendant operated on that line are large double truck cars provided with air brakes, and a loud whistle and gong for sounding an alarm; but that the car that collided with him was a small single truck car equipped with no apparatus for sounding an alarm, except a small gong, and provided with no brake, except a hand brake.

The plaintiff makes no allegation that he was without fault himself, any more than to aver that the wagon in which he was riding was in a safe condition, and that the team of horses were gentle, and that he is a careful and experienced driver.

In *Rider, Admr.,* v. *C. H. & D. R. R. Co.,* 10 C. C., 299, the trial court sustained a demurrer to plaintiff's petition, which was held to be error. Plaintiff's intestate was walking upon the track of a steam railroad when he was struck by a train and killed. The place where he was walking was a foot path by a private crossing on his father's farm, which crossing had been maintained and used as such private crossing by decedent's family for many years with the knowledge and acquiescence of the railroad company. That decedent while going from one part of the farm to another along or near this private crossing, in the performance of his lawful duties, without any negligence or fault on his part, was struck by a locomotive which defendant's agents and servants negligently, wantonly, willfully and unlawfully caused to be propelled and run swiftly and noiselessly on, over and along said railroad, and killed. No warning was given by the trainmen by the ringing of the bell or blowing of the whistle, or otherwise. The circuit court held that the trial court erred in sustaining the demurrer and seems to hold that the defendant was, under the circumstances, negligent in not giving warning, and that the petition on its face contained sufficient allegations to entitle plaintiff to go to trial.

In *Street R. R. Co.* v. *Nolthenius,* 40 O. S., 380, the court held that the general rule that contributory negligence as a matter of defense is a rule of pleading as well as of evidence. The court say:

"Where the relation between the parties does not require of plaintiff any duty toward the means from which the injury results beyond ordinary care to avoid said injury, no such averment

is necessary; where nothing more than ordinary care is required that degree of care will be presumed."

In the above case the plaintiff was passing along a street and had no relation with the defendant requiring him to observe more than ordinary care, that is at all times required to avoid an injury.   The court say:

"That averment that he was without fault would be an averment of that which would be presumed and was not necessary."

I do not think that the ordinary rules applicable to steam railroads should apply to an electric railway occupying a public highway.   They are by no means analogous.   Cars on a public highway are not only continually meeting and passing travelers and conveyances, for whom they must exercise a watchful regard to avoid collisions; but where they occupy the road side, as in this case, they have the additional burden of observing ordinary care in regard to persons and vehicles going to and from their habitations to the highway, over private crossings.   In the case at bar plaintiff was driving in to his own home when struck by the car.   The car came up behind him, as he alleges, at a high rate of speed, without giving him any warning of its approach.   It was not the ordinary make of cars used on that line, but was a light car, and was not similarly equipped for giving warning as were the ordinary cars.   I think that the question as to whether or not the proximate cause of the injury in question was due to the negligence of the plaintiff or to that of the defendant can only be determined by evidence on the trial of the case.

The demurrer is therefore overruled.

*H. R. Jones,* for plaintiff.

*Booth, Keating & Peters,* for defendant.